UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TRACY LYNN NORWOOD, )<br>)<br>*Petitioner*,                              )<br>)<br>v.                                                    )<br>)<br>WARDEN JOHN YATES,                   )<br>)<br>*Respondent*.                           ) | Case No. 1:22-cv-80<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

**MEMORANDUM OPINION**

Petitioner, a federal prisoner confined in the Forrest City Medium Federal Correctional Institution ("FCI Forrest City Medium") to serve his sentence for his 2017 convictions in this District, *United States v. Norwood*, 1:17-CR-068-HSM-CHS-1 [Doc. 27] (E.D. Tenn., Nov. 13, 2017), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his current confinement [Doc. 1]. In this petition, Petitioner (1) challenges the Bureau of Prisons' failure to give him credit towards his federal sentence for the time he served for a prior state sentence and asserts that this violates his constitutional rights because his state sentence was designated to run concurrently with his federal sentence,[1] and (2) asserts that his federal and state convictions amount to double jeopardy [*Id.* at 6, 7, 9–22]. However, for the reasons set forth below, this Court lacks jurisdiction over this action, and it will therefore

---

[1] Notably, however, the judgment against Petitioner in this District for his federal convictions does not mention his sentence running concurrently with any state sentence. *United States v. Norwood*, 1:17-CR-068-HSM-CHS-1 [Doc. 27] (E.D. Tenn., Nov. 13, 2017).

**TRANSFER** this action to the Delta Division of the United States District Court for the Eastern District of Arkansas. 28 U.S.C. § 83(a)(2).

As the Supreme Court has noted, the "the proper respondent for a habeas corpus petition 'is the person who has custody over [the petitioner],'" as that is "'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (quoting 28 U.S.C. § 2242) (citing 28 U.S.C. § 2243). Thus, where a petitioner files a habeas corpus petition "challenging [his] present physical confinement," jurisdiction for that petition lies only in "the district of [his] confinement." *Id.* at 442–43.

As Petitioner is confined in FCI Forrest City Medium, which is in St. Francis County, Arkansas, the proper venue for this case is Delta Division of the United States District Court for the Eastern District of Arkansas. 28 U.S.C. § 83(a)(2). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a). Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Delta Division of the United States District Court for the Eastern District of Arkansas and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**