UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TRACY LYNN NORWOOD                                                            PETITIONER
Reg #43635-074

V.                              No. 2:22-CV-59-KGB-JTR

JOHN P. YATES, Warden,
FCI-Forrest City                                                                RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Petitioner Tracy Lynn Norwood ("Norwood"), an inmate in the Federal Correction Institute in Forrest City, Arkansas, brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging: (1) the Bureau of Prison's calculation of his time served toward his federal sentence, which was credited to a state sentence; (2) an alleged denial of his "right to equal protection of the laws;" and (3) the legality

of being convicted in both federal and state court for the same "criminal episode." *Doc. 1-4 at 6, 9–15*. Respondent filed a Response arguing Norwood's "time credit" claims lack merit and that his Double Jeopardy claim is not properly before the Court.[1] *Doc. 10*. Norwood filed several Replies. *Docs. 12, 14, & 15*.

## II. Background

Before addressing Norwood's claims, the Court will review the history of Norwood's custody, underlying criminal convictions in state and federal court, and requests for custody credit.

On October 31, 2016, Monteagle Tennessee Police officers and ATF Special Agent Stephen Gordy served Norwood, at his home in Tennessee, with an arrest warrant in connection with a pending state charge of aggravated assault. Norwood was serving a federal term of supervised release at the time and consented to a search of his residence. Inside the residence, authorities found several firearms. After Norwood's arrest on the pending state charge, federal authorities initiated proceedings to revoke Norwood's supervised release and filed new firearm-related federal charges against Norwood.[2]

---

[1] Because the Court agrees that Norwood's time credit claims lack merit, it need not address Respondent's alternative argument that Norwood failed to exhaust his administrative remedies. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), as corrected (Sept. 4, 2007) (noting § 2241 petitioner's alleged failure to exhaust administrative remedies did not deprive the court of jurisdiction to decide the case).
 Respondent did not address Norwood's equal protection claim.

[2] There is a small discrepancy in the record on whether Norwood was arrested on October 28, 2016 or October 31, 2016. *Compare USA v. Norwood*, No. 1:17-CR-68-HSM-CHS (E.D.

On May 4, 2017, the United States District Court for the Eastern District of Tennessee issued a writ of habeas corpus *ad prosequendum* pursuant to which United States Marshals "borrowed" Norwood from state custody (the Marion County Sheriff's Department) so he could be prosecuted on the federal charges. *Doc. 10-1*.

On August 7, 2017, Norwood pleaded guilty to (1) being a felon in possession of a firearm; (2) possession of an unregistered firearm; and (3) possession of a machine gun. Norwood also admitted that he had violated the terms of his supervised release.

On November 13, 2017, the federal district court sentenced Norwood to at total of seventy-five months' imprisonment—fifty-seven months' imprisonment on each of the firearms charges and eighteen months' imprisonment on the supervised release revocation. *Doc. 10-2 at 2, 9*. The district court ordered Norwood to serve his three firearms sentences concurrently and ordered his revocation sentence to run consecutively to the firearms sentences. *Id.* Norwood's federal judgment does not reference any pending state court cases or potential state sentences.

---

Tenn., Indictment filed April 25, 2017) (indicating the federal firearm violations occurred "on or about October 31, 2016") with *Doc. 14 at 19* (state court judgment stating aggravated assault with a weapon incident occurred on October 28, 2016 *and giving Norwood jail credit beginning on that date*).

On February 6, 2018, Norwood was sentenced in Tennessee state court to four-and-a-half years' imprisonment for the aggravated assault he committed on October 28, 2016. *Doc. 14 at 19.* Norwood received pretrial credit against his state sentence for the dates of October 28, 2016 to November 27, 2017, and November 27, 2017 to February 6, 2018. Under a section titled "Special Conditions," the Judgment notes the "State has no objection to running state sentence concurrent to the defendant's federal sentence." The sections of the Judgment listing sentences "Concurrent with" or "Consecutive to" the state sentence are blank. *Id.*

While serving his Tennessee state sentence in the Bledsoe County Correctional Complex, Norwood sent a request to the Bureau of Prisons ("BOP") requesting credit against his federal sentence for the time he spent in state custody. The BOP responded on September 23, 2019, stating that it considered Norwood's request for prior custody credit to be a request for *nunc pro tunc*, or retroactive, designation. *Doc. 14 at 20.* The BOP noted it would contact the federal district court in Tennessee to inquire as to whether that court intended for Norwood's federal sentence to run consecutive to or concurrently with Norwood's state sentence. *Id.*

Norwood's federal sentence commenced on March 5, 2020. He did not receive any prior custody credit toward his federal sentence. *Doc. 1-4 at 21.*

On February 16, 2022, the attorney who represented Norwood during his state criminal proceeding followed-up with the BOP to inquire about the response from

4

the federal sentencing court. *Doc. 14 at 21*. On March 10, 2022, the BOP responded that it would "solicit the Court for its position regarding a retroactive designation." *Doc. 14 at 22*.

On March 25, 2022, the BOP denied Norwood's request for retroactive designation. *Doc. 14 at 23*. The BOP noted "[n]o response has been received from the court at this time regarding its position on a retroactive designation." *Doc. 14 at 23*. The BOP informed Norwood that "the authority to order a federal sentence concurrent or consecutive to a yet-to-be-imposed state sentence rests with the federal sentencing court" and the BOP must make a designation decision "when a federal district court sentences before a state that has primary jurisdiction, and the federal Judgment in a Criminal Case is silent." *Doc. 14 at 23* (citing *Setser v. United States*, 566 U.S. 231, 237 (2012) and *Dotson v. Kizziah*, 966 F.3d 443, 445 (6th Cir. 2020)).

### III. Discussion

**A.  The BOP Did Not Err In Calculating Norwood's Sentence**

For his first claim, Norwood challenges the execution of his sentence, a claim that this Court, sitting in the district of incarceration, clearly has jurisdiction to decide in a § 2241 habeas action. *Deroo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013); *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is

incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court.").

According to Norwood, the BOP denied "prior and current state and federal time credits." *Doc. 1-4 at 6*. Norwood's primary argument regarding "time credits" is that his state and federal sentences should run concurrently. He may also be making a secondary argument that he is entitled to "prior custody" credit toward his federal sentence for the time he spent in "borrowed" federal custody before he received his state sentence. Out of an abundance of caution, the Court will address both arguments.

1. The BOP Did Not Err In Determining That Norwood's Federal Sentence Would Run Consecutive to His State Sentence

For his primary argument, Norwood alleges that the judge in his state court case granted a "special condition" to have his state sentence run concurrently with his federal sentence. *Doc. 1-4 at 9*. Instead, the BOP determined that his federal sentence would run consecutive to his state sentence and that his federal sentence commenced on March 5, 2020—the date he was released from state custody to BOP custody.[3] *Doc. 1-4 at 21*.

---

[3] The Attorney General, through the BOP, is responsible for computing federal sentences, including the date on which the federal sentence commences. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334–35 (1992)); 18 U.S.C. § 3585(a).

The tension in this case comes from: (1) the federal sentencing judge's November 13, 2017 judgment, which was silent about whether Norwood's federal sentence would run consecutive or concurrent to his anticipated, but yet-to-be imposed, state sentence (*Doc. 10-2*);[4] and (2) the state court judge's February 6, 2018 judgment which stated in the "Special Conditions" section that the "State has no objection to running state sentence concurrent with Defendant's federal sentence" (*Doc. 14 at 19*).

Norwood believes that the state court judgment is controlling and that his seventy-five-month federal sentence should run concurrent to his four-and-a-half year state sentence that commenced on February 6, 2018. Because of this belief, while serving his Tennessee state sentence in the Bledsoe County Correctional Complex, Norwood requested the BOP credit his federal sentence for the time he was spending in state custody. The BOP considered Norwood's request for prior custody credit to be a request for *nunc pro tunc*, or retroactive, designation.[5] *Doc. 14 at 20*. The BOP noted it would contact the federal district court in Tennessee to

---

[4] The judgment was clear that the federal sentence was to run consecutive to the Norwood's federal revocation sentence. *Doc. 10-2 at 2*.

[5] Under 18 U.S.C. § 3621(b), the BOP has the authority to "order that a prisoner serve his federal sentence in a *state* prison. Thus, when a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." *Setser v. United States*, 566 U.S. 231, 235 (2012) (emphasis in original).

inquire as to whether that court intended for Norwood's federal sentence to run consecutive to or concurrently with Norwood's state sentence. *Id*.

On March 25, 2022, the BOP denied Norwood's request for retroactive designation. *Doc. 14 at 23*. The BOP noted "[n]o response has been received from the court at this time regarding its position on a retroactive designation." *Doc. 14 at 23*. The BOP informed Norwood that "the authority to order a federal sentence concurrent or consecutive to a yet-to-be-imposed state sentence rests with the federal sentencing court" and the BOP must make a designation decision "when a federal district court sentences before a state that has primary jurisdiction, and the federal Judgment in a Criminal Case is silent." *Doc. 14 at 23*.

It is undisputed that Norwood received credit on his *state* sentence for all the time he was in *state* custody. Moreover, despite what Norwood alleges, no sentencing court, state or federal, ordered concurrent state and federal sentences. The federal sentencing court was silent regarding concurrence of the federal sentences with any future state sentences and, when contacted by the BOP, the federal sentencing court declined to answer. The state sentencing court merely *noted* that the *State* had no objection to the federal and state sentences running concurrently— which, as the Respondent points out, falls far short of an absolute command that the sentences run concurrently. *See Doc. 10 at 4–5*.

Accordingly, the BOP correctly deferred to the federal sentencing judge's decision and the default rule that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently" and did not abuse its discretion in declining Norwood's request for a *nunc pro tunc* designation.18 U.S.C. § 3584(a).  *Elwell*, 716 F.3d at 484 ("Because the district court could have, but did not, order concurrent sentences…the BOP correctly applied the default rule of § 3584 for sentences imposed at different times and concluded the federal sentence was to be consecutive to the state sentence."); *Fegans v. Norris*, 506 F.3d 1101, 1105 (2007) (the BOP's decision to deny a *nunc pro tunc* designation is reviewed for an "abuse of the agency's substantial discretion").

    2. Norwood Is Not Entitled to Prior Custody Credit

Based on the commencement of Norwood's federal sentence on March 5, 2020, the BOP has calculated his projected release date to be July 2, 2025. In doing so, the BOP considered two types of sentencing credits: (1) a projected 337 days of "good conduct time;"[6] and (2) zero days of prior custody credit. *Doc. 1-4 at 21*.

---

[6] *See* 18 U.S.C. § 3624(b)(1):

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

To the extent Norwood claims he is entitled to prior custody credit toward his federal sentence for his time spent in custody before he received his state sentence, his claim fails because that time was credited toward his state sentence.

On or about October 31, 2016, Tennessee state authorities arrested Norwood on a pending state charge. On May 4, 2017, the United States District Court for the Eastern District of Tennessee issued a writ of habeas corpus *ad prosequendum* pursuant to which United States Marshals "borrowed" Norwood from state custody so he could be prosecuted on the federal charges. *Doc. 10-1*.

On November 13, 2017, Norwood was sentenced by the federal district court. On February 6, 2018, Norwood was sentenced in Tennessee state court to four-and-a-half years' imprisonment for the aggravated assault he committed on October 28, 2016. *Doc. 14 at 19*. Norwood received pretrial credit against his state sentence for the dates of October 28, 2016 to November 27, 2017, and November 27, 2017 to February 6, 2018. *Doc. 14 at 19*.

Norwood was in federal custody as a "borrowed" state prisoner, pursuant to a writ of habeas corpus *ad prosequendum*. As a "borrowed" state prisoner, Norwood remained in primary *state* custody. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994) ("Issuance of a writ of habeas corpus *ad prosequendum* does not alter the defendant's custody status. It merely changes the location of his custody for the sentence he was already serving.")

10

Norwood received prior custody credit on his state sentence, for all his time in state custody, from his arrest by state authorities on a state arrest warrant, until his state sentence commenced on February 6, 2018. *Doc. 14 at 19.* The BOP is prohibited from crediting that time toward his federal sentence under "the express bar on double credit found in 18 U.S.C. § 3585(b)." *Elwell*, 716 F.3d at 484 (citing 18 U.S.C. § 3585(b)) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences…*that has not been credited against another sentence*) (emphasis added). An exception to this prohibition exists in some situations when the federal and state sentences are concurrent. See *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) (postconviction petitioner serving concurrent state and federal sentences was entitled to credit against his federal sentence for all of his pre-sentence incarceration, even though time had already been credited against state sentence; since Petitioner's sentences were concurrent, crediting only against state sentence would not reduce his period of actual imprisonment). That exception does not apply here where neither the federal nor state sentencing courts ordered concurrent sentences.

The Court concludes that the BOP properly calculated Norwood's sentence and that Norwood has not proven he is entitled to any additional credits on his sentence. Accordingly, Norwood's claim he is entitled to credit on his federal

sentence for time spent serving his nonconcurrent state sentence should be denied, on the merits.

### B. Norwood's Cursory Equal Protection Claim Lacks Merit

For the second claim in his Petition, Norwood argues that he was denied "equal protection of the law," because "other similarly situated prisoners have been awarded their 'earned' time credits" and he is being denied the same credits "for no good reason." *Doc. 1-4 at 6, 10*. Respondent did not address Norwood's nebulous equal protection claim in his Response. However, in one of his Replies, Norwood expounded on this claim. *Doc. 14 at 10–13*.

According to Norwood, he and a fellow federal prisoner, Bobby Ellis, "had the same exact legal issues concerning their state court's intention to have their state [and federal] sentences run concurrently;" and they both submitted habeas petitions regarding the issue. *Doc. 14 at 12–13*. Norwood believes his equal protection rights were violated because Ellis' petition "was granted without objection" by Respondent Yates, while his was not. *Doc. 14 at 13*.

Although equal protection claims are not definitively foreclosed in § 2241 petitions, Norwood's claim fails because he has not alleged that he is a member of a protected class or that he was discriminated against because of his membership in that protected class. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012) (allowing alien to proceed with equal protection claim in a § 2241

action where he alleged he was being denied access to a BOP rehabilitation program that could "result in a reduction in sentence" based on his alien status). Accordingly, Norwood's equal protection claim should be dismissed.

### C. This Court Lacks Jurisdiction Over Claims Challenging the Validity of Norwood's Federal Sentence

For his final claim, Norwood alleges his federal sentence violates the Double Jeopardy clause of the Constitution. *Doc. 1 at 6.* This claim is patently frivolous and lacks any semblance of merit.[7] This Court, however, lacks jurisdiction to deny this claim on the merits.

Generally, a prisoner challenging the imposition of his federal conviction or sentence must proceed by filing a § 2255 Motion with the trial court. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). However, if a prisoner can establish that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," § 2255(e) creates a *narrow exception* which authorizes a federal court in the district of the prisoner's incarceration ("the district of incarceration") to exercise jurisdiction over

---

[7]Norwood claims he cannot receive both federal and state sentences for "the same criminal episode that occurred in the incident on the day [he] was arrested." *Doc. 1 at 6.* Clearly, the state of Tennessee can convict Norwood for the aggravated assault (with a weapon resulting in bodily injury) he committed. Separately, the federal government can convict Norwood for possessing firearms as a felon, possessing firearms with removed serial numbers, and possessing a machine gun without a permit.

such a claim in a § 2241 action. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).

The petitioner bears the burden of demonstrating that the § 2241 challenge he is making to the imposition of his sentence satisfies the narrow "saving clause" exception contained in § 2255(e). *Lopez-Lopez*, 590 F.3d at 907; *Hill*, 349 F.3d at 1091. If the § 2241 habeas petitioner fails to establish that the remedy under § 2255 is inadequate or ineffective, the district of incarceration lacks jurisdiction to consider the claim. *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019).

Here, Norwood has not even attempted to file a § 2255 Motion with the sentencing court. *Doc. 1 at 3*; *United States v. Norwood,* No. 1:17-CR-68-HSM-CHS (E.D. Tenn., Judgment entered Nov. 13, 2017). Instead, he filed this pending Petition for Writ of Habeas Corpus under § 2241 in the Eastern District of Tennessee, who then transferred it to this court. *Docs. 5, 6, & 7*; *United States v. Norwood,* No. 1:17-CV-80-TRM-CHS (E.D. Tenn., filed March 7, 2022).

Accordingly, because Norwood has failed to demonstrate that he is entitled to the benefit of the saving clause in § 2255, this Court lacks subject matter jurisdiction over Norwood's Double Jeopardy clause claim. *See Lee*, 943 F.3d at 1147 (court lacks "jurisdiction to entertain a § 2241 petition unless and until" the petitioner demonstrates that he is entitled to the benefit of § 2255(e)'s saving clause).

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner Norwood's Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED.

DATED this 23rd day of November, 2022.

                                                          */s/ J. Thomas Ray*
                                        UNITED STATES MAGISTRATE JUDGE