IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**TRACY LYNN NORWOOD**                                                 **PETITIONER**
Reg #43635-074

v.                                 Case No. 2:22-cv-00059 KGB

**JOHN P. YATES, Warden,**                                          **RESPONDENT**
**FCI-Forrest City**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 18). Judge Ray recommends that this Court dismiss Mr. Norwood's 28 U.S.C. § 2241 petition for writ of *habeas corpus* (Dkt. No. 1-4). Also before the Court are petitioner Tracy Lynn Norwood's supplemental motion to request the Court to dismiss the Magistrate's Recommended Disposition as null, void, and moot and Mr. Norwood's objections to the Recommendation (Dkt. Nos. 20; 22). After careful review of the Recommendation, Mr. Norwood's objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 18).

    **I.**     **Mr. Norwood's Motion To Dismiss**

The Court has considered Mr. Norwood's pending motion to dismiss and denies the motion to dismiss (Dkt. No. 20). The Court acknowledges that Mr. Norwood did not consent to Judge Ray's jurisdiction in this matter. Instead, this Court referred to Judge Ray this matter for a Recommendation. This Court's standard of review for Judge Ray's Recommendation is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

> made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2009); *see* Fed. R. Civ. P. 72(b) (stating identical requirements).

The United States Supreme Court has explained this statutory standard, as follows:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn,* 474 U.S. 140, 154 (1985). If a party files an objection, the district court must "make a de novo determination of *those portions* of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added).

As a result, this Court must enter a final Order on Mr. Norwood's pending § 2241 petition. Judge Ray's Recommendation comes to this Court as a recommended resolution of Mr. Norwood's claims, and both parties have the right to object to the recommended resolution. This Court, when reviewing the Recommendation, considers the Recommendation, all objections, and the record *de novo* to make this Court's final determination on the pending § 2241 petition.

II.     **The Recommendation And Objections**

In his § 2241 petition, Mr. Norwood: (1) challenges the Federal Bureau of Prisons's ("BOP") calculation of his time served toward his federal sentence, which was credited to a state sentence; (2) alleges a denial of his "right to equal protection of the laws"; and (3) challenges the legality of being convicted in both federal and state court for the same "criminal episode" (Dkt. No. 18, at 2 (citing Dkt. No. 1-4, at 6, 9-15)). This Court adopts the Recommendation's reasoning in its entirety in rejecting Mr. Norwood's claim that the BOP erred in determining that his federal

2

sentence would run consecutive to his state sentence (Dkt. No. 18, at 6-9). The Court also adopts the Recommendation's reasoning in rejecting Mr. Norwood's claim regarding his entitlement to prior custody credit on his federal sentence (*Id.*, at 9-12). Because this Court concurs with Judge Ray that Mr. Norwood's time credit claim lacks merit, this Court also declines to address respondent's alternative argument that Mr. Norwood failed to exhaust his administrative remedies with respect to this claim (*Id.*, at 2 n.1). The Court also adopts the Recommendation's reasoning in its entirety on Mr. Norwood's remaining two claims regarding equal protection and Mr. Norwood's ability to be prosecuted by state and federal authorities (*Id.*, at 12-14).

The Court has considered Mr. Norwood's objections and overrules his objections (Dkt. No. 22). His objections break no new ground, and the Recommendation addresses the controlling factual and legal issues in this case necessary to rule on Mr. Norwood's pending § 2241 petition.

### III. Conclusion

For these reasons, the Court denies Mr. Norwood's motion to dismiss the Recommendation, adopts the Recommendation in its entirety as this Court's findings of fact and conclusions of law, and dismisses Mr. Norwood's 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. Nos. 1; 18; 20).

It is so ordered this 25th day of September, 2023.

_____
Kristine G. Baker
United States District Judge